# EXHIBIT 3

# EDWARD C. GREENBERG, LLC

COUNSELORS AT LAW
570 LEXINGTON AVENUE, 19TH FLOOR
NEW YORK, NY 10022
TELEPHONE: (212) 697-8777
FACSIMILE: (212) 697-2528

Edward C. Greenberg*
ecglaw@gmail.com

Tamara L. Fitzgerald*†
tl.ecglaw@gmail.com

Of Counsel:
Debra S. Reiser*

[x] IF BY MAIL, RESPOND TO:
445 HAMILTON AVENUE, SUITE 1102
WHITE PLAINS, NY 10601

November 3, 2019

BY PRIORITY MAIL
Mr. Ronald P. Palmieri, P.I.
President, Chief Executive Officer
GEI Consultants, Inc.
120 W. Madison St. Suite 1305
Chicago, IL 60602

## RE: David Oppenheimer w/ GEI Consultants, Inc.

Dear Mr. Palmieri,

We serve as retained copyright counsel to Mr. David Oppenheimer, a photographer of considerable reputation. This office routinely litigates matters of this nature. We write regarding your unauthorized use of our client's registered aerial image of Charleston, South Carolina.

Please be advised that, our client has discovered that you have employed our client's photographic image, a copy of which is annexed hereto as **Exhibit "A"**. Mr. Oppenheimer created the subject image from a private chartered helicopter, which had the doors removed pre-flight so as to enable our client's aerial photography. The subject image was captured by Mr. Oppenheimer while he was leaning out of the aircraft without a harness. Mr. Oppenheimer is the sole owner of and holds the copyright in the subject image, registration number VAu 1-142-190, dated August 31, 2013. Copies of the relevant pages of the registration certificate are annexed hereto at **Exhibit "B"**.

You have employed Mr. Oppenheimer's image in a publication entitled "Consulting Engineers and Scientists: Interdisciplinary Approaches to Living Shorelines". Said publication has been published at least at http://clear.uconn.edu/climate/docs/living-shorelines/6-2015/Hagopian_Schwanof.pdf. Such unauthorized use of our client's image brands and promotes GEI Consultants, and appears to be targeted at young professionals, prospective employees and business associates. A copy of such unauthorized use of our client's image is annexed hereto at **Exhibit "C"**. Such use of our client's image is for the sole economic gain of your company.

Such use of our client's image is without his license, authorization or consent. As you must be aware, the use of a creator's photographic image *without written consent* or license is **violative of the United States Code, Title 17, and The Copyright Act.** Said federal statute affords the creator a plethora of remedies including one or more of the following: monetary relief in the form of

*admitted in New York
†admitted in New Jersey

compensatory and or statutory damages, an award of attorney's fees and/or an injunction directing removal of the offending materials from the marketplace pending litigation.

       **Additionally, you appear to have removed Mr. Oppenheimer's watermark from the image as displayed on your website, without our client's license, authorization or consent.** Specifically, the bottom of the image, from where the copyright notice appears and downward has been cropped off so as to conceal the infringement. Such actions may be violative of 17 U.S.C. 1202 and would entitle Mr. Oppenheimer to civil remedies under 17 U.S.C. 1203, which amount to *additional* monetary damages, inclusive of statutory damages.

       Neither you, nor any agent or person on your behalf, has ever sought or obtained a license from Mr. Oppenheimer to employ the subject image for any purpose whatsoever. Rather, you appear to have simply employed the photograph at your election, *without a license, authorization or consent from the copyright holder*; this directly violates the exclusive rights granted to the copyright holder of the image.

       This letter shall serve as notice that you ***immediately cease and desist*** any and all unauthorized uses of our client's image. Any additional or further uses of our client's image will be at your peril.

       If you or you are in possession of any contract, license, agreement or writing of any kind or nature upon which you intend to rely for the proposition that such usage is *authorized* or in the alternative, conclusively establishes that our client's claim is without merit, formal request is made herein to provide same. Such request is made pursuant to Federal Rule 11 in a good faith effort to obviate litigation. ***Failing the production of such license we will be constrained to assume that such usage is violative of law.*** In such event, we intend to institute suit against you and any other appropriate defendants in the appropriate judicial forum.

       *In the event you are not in possession of any exculpatory documents*, and pursuant to our obligations under Rule 11, Rule 130 (and any other substantially equivalent rules or statutes), **formal request is made herein for the following information** and documents reflecting or demonstrating the requested information:

1.     The full nature and extent of the use of our client's image, in any and all formats, inclusive of the broadcast media and websites described herein as well as distribution on any other websites, publications (including but not limited to print publications) or programs owned, operated, or affiliated by you, inclusive of: a description of such uses, the commencement of the terms of such use(s), and location(s) of such uses or display.

2.     Documents reflecting the revenue figures and profits realized from use of our client's image by you, during the time in which the image was displayed by you, including all revenue earned during in which the image was published, and further including an accounting of all employees hired and business associates who attended the University of Connecticut in 2015;

3.    The source of the image(s) and the identities of the persons or companies preparing, supplying, editing, and/or producing same;

4.    Representative copies in any and all tangible form and media in which our client's image were incorporated or employed;

5.    Copies of written agreements or documents, with any and all persons or entities, referencing the creation, and reproduction regarding the offending use(s) of our client's image;

6.    Copies of any documents in any format upon which you intend to rely for the proposition that Mr. Oppenheimer had knowledge of and/or agreed to have his image published by you, inclusive of any emails or documents of any kind by and between you (and/or those acting on its behalf) and Mr. Oppenheimer (and/or those acting on his behalf);

7.    Copies of any purported license or assignment relating to the image referenced herein and issued to you by any third party;

8.    The nature and extent of any prospective license(s) you may be seeking to allow for prospective authorized use(s), or which will provide adequate time to remove the subject image from the web obviating plaintiff's need to seek judicial intervention for the purposes of obtaining an injunction prohibiting any and all uses such offending uses of his image;

9.    Copies of any copyright registrations filed with any government or agency thereof referencing, relating or including the imagery complained of herein;

10.   Copies of written agreements or documents, with any and all persons or entities with whom you have transferred, assigned, licensed, or provided the image, which reference the subject image and/or any corresponding products or publications in which the image(s) are employed;

11.   The identity of all third parties to whom you have supplied the image(s), for any purpose whatsoever;

*Upon receipt of such information* we can fairly consider and determine an appropriate amount of compensation which may or may not include the granting of a limited license for prospective use or in the alternative, a brief period of time within which to permit removal of the image from the production. It is not our client's preference to commence litigation and he would prefer to resolve the matter promptly and amicably. In order to do so, receipt of the above requested information within seven (7) business days of date is essential.

The following is to formally notify you, your agents, employees and contractors **not to destroy, conceal or alter any goods, information, and/or images** stored in electronic form or generated by your computer systems or electronic devices including but not limited to its web sites. This information appears relevant to the above matters and may be unavailable from any other source. As you may know, such electronic information can easily be inadvertently destroyed and the failure to take *reasonable measures to preserve* it pending the completion of discovery can result in

sanctions being imposed against you. *See, e.g., Cedars Sinai Med. Ctr. v. Superior Ct.* (1998) 18 Cal 4th 1, 74 Cal Rptr 2d 248; *Zubulake v. UBS Warburg LLC* (SDNY 2003) 220 FRD 212, 216.

In order to comply with the discovery requests that we will make in this matter you may need to provide electronic evidence in its native format. You may also need to provide electronic documents, along with the metadata or information about data that is contained in those electronic documents. Even when a paper copy of a document or file exists, we will also seek the documents or files in their electronic format so that we also receive the information in the metadata. Our discovery requests will include certain data on your hard drives, floppy discs, and backup files, and will include data not usually available to the ordinary computer user, such as deleted files and file fragments.

Thus, the electronic data and the storage devices in which they are kept that you are ***obligated to maintain and preserve*** during the pendency of the discovery planned in this case include all of the following data and devices:

1.    Electronic files including deleted files and file fragments, stored in machine-readable format on magnetic optical or other storage media, including hard drives or floppy disks in your desktop computers, laptop computers, home personal computers, zip drives, external hard drives, usb keys, and the backup media used for each;

2.    E-mail, both sent and received, internally or externally;

3.    Telephone files and logs such as voicemail and universal mobile telecommunications systems (UMTS) data;

4.    Word processing files, including drafts and revisions;

5.    Spreadsheets, including drafts and revisions;

6.    Databases;

7.    Electronic files in portable storage devices such as floppy discs, compact discs, digital video discs, ZIP drives, thumb drives or pen drives;

8.    Graphs charts and other data produced by project management software;

9.    Data generated by calendaring, task management and personal information management software, such as Microsoft Outlook;

10.   Data created with the use of or stored on personal data assistants such as PalmPilot inclusive of substantially equivalent devices;

11.   Data created, derived and/or edited with the use of editing software such as Photoshop, Adobe, and any accompanying software;

12.     Data created with the use of paper and electronic mail logging and routing software;

13.     Internet and web-browser generated history files, caches, and "cookies" generated by you or at the workstation of each employee in your employ and on any and all backup storage media;

14.     Logs of network use by you and your distributors and/or customer's employees, whether kept in paper or electronic format;

15.     Copies of your backup tapes and the software necessary to reconstruct the data on those tapes on each and every personal computer or workstation and network server in your control and custody;

16.     Electronic information in copiers, fax machines and printers;

17.     Web-site files and records of any kind and all histories of those files;

18.     All records of sales generated and processed through software for goods employing the offending image.

19.     Records, copies, reproductions and evidence set forth above existing or printed on physical paper or paper product(s).

As previously stated, the failure to maintain such information, and any other electronic information which may be called upon in discovery, can lead to severe penalties in the discretion of the Court.

We require delivery of the above sought documentation within seven (7) days of date. Absent an exculpatory document or license, any and all uses of our client's image will be made at your peril. Should we fail to hear from you, we will file suit in the United States District Court against you and any other appropriate defendants without further notice.

Very truly yours,

EDWARD C. GREENBERG

cc: David Oppenheimer

# **EXHIBIT A**



# EXHIBIT B

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VAu 1-142-190**

**Effective date of registration:**

August 31, 2013

---

### Title
| | |
|---|---|
| **Title of Work:** | Travel, Festival, and Concert Photography by David Oppenheimer 2013 |
| **Previous or Alternative Title:** | Group Registration of Unpublished Individual Works |

### Completion/Publication
| | |
|---|---|
| **Year of Completion:** | 2013 |

### Author
| | |
|---|---|
| ■ **Author:** | David Gordon Oppenheimer |
| **Author Created:** | photograph(s) |
| **Work made for hire:** | No |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |
| **Year Born:** | 1970 |

### Copyright claimant
| | |
|---|---|
| **Copyright Claimant:** | David Gordon Oppenheimer |
| | P.O. Box 8105, Asheville, NC, 28814, United States |

### Rights and Permissions
| | |
|---|---|
| **Organization Name:** | Performance Impressions LLC |
| **Name:** | David Gordon Oppenheimer |
| **Email:** | dave@performanceimpressions.com |
| **Telephone:** | 828-273-9339 |
| **Address:** | P.O. Box 8105 |
| | Asheville, NC 28814  United States |

### Certification
| | |
|---|---|
| **Name:** | David Gordon Oppenheimer |
| **Date:** | August 31, 2013 |

Page 1 of 2

**Correspondence:** Yes

**Copyright Office notes:** Regarding title information: Registered as an unpublished collection, not as a published group. 37 CFR 202.3(b)(4)(i)(B)



**Registration #:** VAU001142190
**Service Request #:** 1-987295442



Performance Impressions LLC
David Gordon Oppenheimer
P.O. Box 8105
Asheville, NC 28814  United States

# **<u>EXHIBIT C</u>**





## Charleston, SC – Functions & Values

Salt Marshes are diverse ecosystems that function as spawning beds for a large variety of marine life, and improve water quality through:

- uptake of nutrients, filtration, denitrification and sediment retention; and
- provide habitat enhancement for 80% of breeding bird population.



