**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DAVID G. OPPENHEIMER,

          **Plaintiff,**

     **v.**

GEI CONSULTANTS, INC.,

     **Defendant.**

Case No. 21 C 1967

Judge Harry D. Leinenweber

## ORDER

Defendant GEI Consultants, Inc.'s Motion to Dismiss and for Attorneys' Fees (Dkt. No. 7) is denied.

## STATEMENT

Plaintiff David G. Oppenheimer filed a two-count Complaint alleging copyright violations against Defendant GEI Consultants, Inc. Count I alleges copyright infringement of a work registered with the United States Copyright Office (the "Copyright Office") in violation of 17 U.S.C. § 501. Count II alleges that GEI Consultants knowingly removed or altered copyright management information ("CMI") in violation of 17 U.S.C. § 1202.

Oppenheimer is a professional photographer whose photos are available to be licensed for a fee or purchased as prints. (Compl. ¶¶ 7, 10, Dkt. No. 1.) In August 2013, Oppenheimer chartered a helicopter to take aerial photographs of the Charleston, South

Carolina coastline. (*Id.* ¶ 12.) Later in August, Oppenheimer registered a collection of photos entitled *Travel, Festival, and Concert Photography by David Oppenheimer* with the Copyright Office. (*Id.* ¶ 13.) This collection included photos from the Charleston shoot, including an aerial shoreline photo with Copyright Number VAu 1-142-190 (the "Shoreline Photograph"). (*Id.*) Once registered with the Copyright Office, the Shoreline Photograph was available for sale or licensing through Oppenheimer's website. (*Id.* ¶ 14.) The version of the photograph on the website contained CMI, specifically a visible watermark and a notice of copyright embedded in the metadata. (*Id.*)

GEI Consulting is an engineering and environmental consulting firm. (*Id.* ¶ 11.) Sometime in the first half of 2015, GEI Consulting included a version of the Shoreline Photograph in a presentation titled "Consulting Engineers and Scientists: Interdisciplinary Approaches to Living Shorelines" (the "Presentation"). (*Id.* ¶ 18.) The Shoreline Photograph was used on a slide that explained salt marshes. (*Id.*) The Presentation listed Project Manager Varoujan Hagopian and Senior Ecologist Laura Schwanof as the authors. (*Id.*) The version of the Shoreline Photograph included in the Presentation did not include any visible CMI or give credit to Oppenheimer. (*Id.* ¶ 21.) Later, on June 24, 2015, Hagopian and Schwanof used the Presentation during a lecture at the University of Connecticut. (*Id.* ¶ 19.) Conference attendees

received a printout and/or a digital copy of the Presentation, which included the Shoreline Photograph. (*Id.*) In September 2015, the University of Connecticut uploaded a copy of the Presentation, which included the Shoreline Photograph, to their Land Use and Education Research website. (*Id.*)

Oppenheimer discovered GEI Consultants' use of the Shoreline Photograph on June 13, 2018. (*Id.* ¶ 22.) In November 2019, Oppenheimer sent GEI Consultants a cease-and-desist letter regarding their use of the Shoreline Photograph. (*Id.* ¶ 23.) GEI Consultants acknowledged receipt of the letter in January 2020 but did not address the continued availability of the Presentation containing the Shoreline Photograph on the University of Connecticut's website. (*Id.*) As of October 2021, the Presentation remained available through the University of Connecticut's website. Varoujan Hagopian & Laura Schwanof, *Consulting Engineers and Scientists: Interdisciplinary Approaches to Shorelines* (June 24, 2015), *http://clear.uconn.edu/climate/docs /living-shorelines/6-2015/Hagopian_Schwanof.pdf* (last visited Oct. 19, 2021).

On April 13, 2021 Oppenheimer filed this Complaint. (Dkt. No. 1.) He alleges that GEI Consultants' use of the Shoreline Photograph in the Presentation constitutes copyright infringement in violation of 17 U.S.C. § 501. Oppenheimer also alleges that GEI Consultants intentionally or willfully removed or altered the

Shoreline Photograph's CMI, in violation of 17 U.S.C. § 1201. On June 11, 2021 GEI Consultants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for an award of attorneys' fees under 17 U.S.C. § 505. (Dkt. No. 7.) The Court denies both Motions.

A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[T]he plausibility determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *W. Bend Mut. Ins. Co. v. Schumacher,* 844 F.3d 670, 676 (7th Cir. 2016) (quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. At the motion to dismiss stage, the Court "accept[s] all well-pleaded facts in the complaint as true and then ask whether those facts state a plausible claim for relief." *Firestone Fin. Corp. v. Meyer,* 796 F.3d 822, 826 (7th Cir. 2015). All reasonable inferences are construed in favor of the Plaintiff. *Id.*

GEI Consultants' Motion to Dismiss raises just one argument—that Oppenheimer's claims are untimely because they were filed after the expiration of the three-year statute of limitations governing copyright claims. A statute of limitations argument is an affirmative defense. FED. R. CIV. P. 8(c)(1). The defendant bears the burden of proof for affirmative defenses and plaintiffs are not required to anticipate or plead facts negating an affirmative defense in their complaint. *Allen v. GreatBanc Tr. Co.,* 835 F.3d 670, 676 (7th Cir. 2016) (quoting *Stuart v. Local 727, Int'l Bhd. of Teamsters,* 771 F.3d 1014, 1018 (7th Cir. 2014)). Because the facts supporting or negating an affirmative defense are not necessary elements of a complaint, Rule 12(b)(6) motions on statute of limitations grounds are generally disfavored. *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP,* 559 F.3d 671, 674 (7th Cir. 2009)*.* "But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Id.* at 674-75.

Civil claims under the copyright laws must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). GEI Consultants argues that the Supreme Court's decision in *Petrella v. Metro-Goldwyn-Mayer,* 572 U.S. 663 (2014) establishes that a copyright claim accrues at the time the infringing act occurs. *Id.* at 670. According to GEI Consultants, the alleged infringing acts took place no later than September 2015, making

Oppenheimer's April 2021 Complaint untimely. This argument misstates the holding in *Petrella* and current Seventh Circuit law.

Pre-*Petrella,* the Seventh Circuit adopted the "discovery rule," meaning the "copyright statute of limitations starts to run when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.,* 770 F.3d 610, 614 (7th Cir. 2014). In *Petrella,* the Supreme Court explained that a "copyright claim thus arises or accrue[s] when an infringing act occurs." *Petrella,* 572 U.S. at 670. On its own, this statement in *Petrella* appears to overrule the Seventh Circuit's use of the "discovery rule." But the *Petrella* Court went on to acknowledge that "nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a 'discovery rule'" and that the Supreme Court had not yet had occasion to rule on whether the discovery rule is appropriate. *Id.* at 670 n.4. Post-*Petrella,* the Seventh Circuit continues to measure the statute of limitations on copyright claims from the discovery date of the alleged violation. *Seide v. Level-(1) Glob. Sols., LLC,* 2016 WL 4206076, at *3 (N.D. Ill. Aug. 10, 2016) ("The Seventh Circuit continues to apply the discovery rule to the Copyright Act's statute of limitations, such that it does not begin to run until a plaintiff discovers a violation."); *see also Energy Intel. Grp., Inc. v. Exelon Generation Co.,* 2021 WL 1561711, at *5 (N.D. Ill. Apr. 21, 2021);

*Richardson v. Kharbouch,* 2020 WL 1445629, at *7 (N.D. Ill. Mar. 25, 2020); *Panoramic Stock Images, Ltd v. McGraw-Hill Glob. Educ. Holdings, LLC*, 2015 WL 393381, at *2 (N.D. Ill. Jan. 27, 2015).

Here, Oppenheimer alleges that he discovered GEI Consultants' use of the Shoreline Photograph on June 13, 2018. Applying the discovery rule, June 13, 2018 is the date on which the claim accrued, and the statute of limitations began to run. The present action was filed within the three-year statute of limitations on April 13, 2021, and the Complaint is timely on its face.

In the alternative, GEI Consultants argues that, even if the discovery rule applies, Oppenheimer's Complaint is still untimely. The discovery rule measures the accrual date from the earlier of a plaintiff's actual discovery or when a "reasonably diligent plaintiff would have discovered the facts constituting the violation." *Mongolian House,* 770 F.3d at 616 (cleaned up). GEI Consultants argues that Oppenheimer is a "seasoned litigator who is skilled in identifying online infringement of his works" and therefore should have known about the alleged infringement earlier than June of 2018. (Mem. at 7, Dkt. No. 8.) This argument is misplaced. Nothing in Copyright Laws or the Federal Rules of Civil Procedure allow the Court to hold Oppenheimer to a different standard simply because he is a frequent litigator. At this stage the Court accepts as true Oppenheimer's discovery date of June 13, 2018. *VitalGo, Inc. v. Kreg Therapeutics, Inc.,* 370 F.Supp.3d 873,

882 (N.D. Ill. 2019) ("In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor.") This is sufficient to survive the Motion to Dismiss. GEI Consultants is free to raise its statute of limitations argument at summary judgment if discovery reveals Oppenheimer knew or should have known about the alleged violations at an earlier date. For all these reasons, GEI Consultants' Motion to Dismiss is denied.

GEI Consultants also moved for attorneys' fees under 17 U.S.C. § 505. Section 505 permits the award of attorneys' fees to a prevailing party. *Id.* Because GEI Consultants was not the prevailing party, the Motion for fees is denied as moot.

Accordingly, GEI Consultants' Motion Dismiss and for Attorneys' Fees is denied. (Dkt. No. 7.)


Harry D. Leinenweber, Judge
United States District Court

Dated: 10/27/2021

- 8 -