## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| David G. Oppenheimer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-01967 |
| | ) | |
| GEI Consultants, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT GEI CONSULTANTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant GEI Consultants, Inc. ("GEI"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to Plaintiff David G. Oppenheimer's Complaint admits, denies, and alleges as follows:

1.      This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and 17 U.S.C. §§ 501 *et seq.*, for copyright infringement of a work registered with the United States Copyright Office, as well as for knowing removal or alteration of copyright management information in violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 *et seq.* ("DMCA").

**ANSWER:**  GEI admits that Plaintiff purports to bring this action under the cited statutes, but denies that they provide for the finding of liability and relief requested by Plaintiff. GEI denies any remaining allegations in paragraph 1.

2.      Oppenheimer is an individual who is actively engaged in the business of licensing photography and who resides in Asheville, North Carolina.

**ANSWER:**  GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 and therefore denies them.

3.      Defendant GEI CONSULTANTS, INC. is a Massachusetts corporation with offices to do business in Lake County, Illinois and Cook County, Illinois.

**ANSWER:** GEI denies that it has an office in Cook County, Illinois. GEI otherwise admits the allegations in paragraph 3.

4. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338.

**ANSWER:** GEI admits the allegations in paragraph 4.

5. Plaintiff is informed, believes, and thereon alleges that Defendant has sufficient contacts with this District generally, such that Defendant is subject to the exercise of jurisdiction of this Court. Defendant's president and CEO, two senior vice presidents, and three vice presidents are based out of Defendant's two offices within this District. Defendant has been qualified to transact business in Illinois since 1993 and, upon information and belief, Defendant makes and has continuously made a significant number of executive-level decisions within this District, such that Defendant is essentially at home within this District. Furthermore, Defendant engages in conduct in this District that relates to the conduct serving as the basis for this suit. Specifically, Defendant's staff (including out-of-state staff) have conducted presentations at seminars and conferences in Illinois, including in this District.

**ANSWER:** GEI admits it is subject to the personal jurisdiction of this Court.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**ANSWER:** GEI admits venue is proper in this judicial district.

7. Oppenheimer is a noted and respected professional photographer with many years of experience and considerable reputation.

**ANSWER:** GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 and therefore denies them.

8. Oppenheimer's photographs have appeared in *inter alia* Rolling Stone, MSNBC, MTV, AOL, and FUSE. The subjects of Plaintiff's photography include President Bill Clinton, Bob Dylan, Bruce Springsteen, Carlos Santana, and Paul McCartney, among countless other instantly recognizable persons and places, including Chicago, Illinois and Charleston, South Carolina.

**ANSWER:** GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 and therefore denies them.

9. Oppenheimer has over the years performed photography services through his own name as well as in the form and style of "Performance Impressions, LLC," which is a North Carolina limited liability company in good standing.

**ANSWER:** GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 and therefore denies them.

10. Oppenheimer earns his livelihood from the creation and licensing of his images to permitted third-party licensees for compensation, as well as from selling prints of his photographs.

**ANSWER:** GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 and therefore denies them.

11. Upon information and belief, GEI is a consulting engineering and environmental firm operating nationwide out of over forty offices, including an office in Vernon Hills, Illinois and an office in Chicago, Illinois.

**ANSWER:** GEI admits the allegations in paragraph 11.

12. In August 2013, Oppenheimer visited Charleston, South Carolina. During this visit, Oppenheimer created an aerial photograph of the Charleston coastline ("Photograph") through significant skill and personal expense. Specifically, Plaintiff chartered a doors-removed helicopter and then captured the Photograph by physically operating professional camera equipment while leaning out of the doors-removed helicopter. This required skill and experience to best capture the Charleston coastline.

**ANSWER:** GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 and therefore denies them.

13. The Photograph is an original work that Oppenheimer registered with the United States Copyright Office as part of a collection of photographs. The Photograph – referenced by its contents title "SC-August-2013-2_OPP5860.jpg" – is registered with the United States Copyright Office as part of the collection *Travel, Festival, and Concert Photography by David Oppenheimer 2013* under Copyright Registration Number VAu 1-142-190, bearing an August 31, 2013, effective date of registration. A copy of the copyright registration certificate for the Photograph is attached hereto as Exhibit A. The deposit copy of the Photograph submitted along with the copyright application is attached hereto as Exhibit B.

**ANSWER:** To the extent the allegations in paragraph 13 purport to describe or characterize the contents of documents, those documents speak for themselves. GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of any remaining allegations in paragraph 13 and therefore denies them.

14. After submitting the Photograph for registration, Plaintiff published the Photograph through the Performance Impressions, LLC website, where Oppenheimer makes his works available for print sales and licensing. As is his pattern and practice, the published version of the Photograph contained copyright management information under 17 U.S.C. § 1202(c) ("CMI"), including a visible watermark complying with notice of copyright provisions (17 U.S.C. § 401(d)) on the face of the Photograph and notice of copyright embedded in the metadata of the Photograph. CMI in the metadata of the Photograph included proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions for licensing, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view the Photograph appreciate that Oppenheimer owns all rights and title to the Photograph and follow proper protocols in licensing the Photograph. Plaintiff's published version of the Photograph is attached as Exhibit C hereto bearing this subsequently added CMI on the face of the Photograph.

**ANSWER:** To the extent the allegations in paragraph 14 purport to describe or characterize the contents of documents, those documents speak for themselves. GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of any remaining allegations in paragraph 14 and therefore denies them.

15. Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright of the Photograph.

**ANSWER:** The allegations in paragraph 15 constitute legal conclusions to which no response is required. To the extent a response is required, GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 and therefore denies them.

16. Since the date of registration, Plaintiff has held all the exclusive rights to the Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to display the work publicly pursuant to 17 U.S.C. § 106.

**ANSWER:** The allegations in paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required, GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 and therefore denies them.

17.     Plaintiff's copyright referenced above is presently valid and subsisting, was valid and subsisting from the moment of creation, and has been valid and subsisting in all conditions precedent to the filing of this suit.

**ANSWER:**  The allegations in paragraph 17 constitute legal conclusions to which no response is required.  To the extent a response is required, GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 and therefore denies them.

18.     Upon information and belief, in 2015, Varoujan Hagopian ("Hagopian"), then a project manager (and a senior consultant as of the date of filing of this Complaint) for Defendant, obtained the published version of the Photograph. Hagopian then uploaded a slightly modified copy of the Photograph into a slide deck presentation entitled "Consulting Engineers and Scientists: Interdisciplinary Approaches to Living Shorelines" ("Presentation"). According to the first slide of the Presentation, Hagopian and another one of Defendant's employees, Laura Schwanof (currently a Senior Ecologist of Defendant), authored the Presentation. The Photograph appeared on slide 14 of the Presentation ("Slide"). The limited text contained on the Slide along with the Photograph briefly addressed the concept of salt marshes – presumably, those located in Charleston, South Carolina. Neither the Slide nor any other portion of the Presentation contained any commentary or criticism about the Photograph itself as a creative work. A true and correct copy of the Slide is attached hereto as Exhibit D.

**ANSWER:**  To the extent the allegations in paragraph 18 purport to describe or characterize the contents of a document, that document speaks for itself.  GEI admits that Varoujan Hagopian and Laura Schwanof are employees of GEI, and that on or around June 24, 2015, they made an academic presentation entitled, "Consulting Engineers and Scientists: Interdisciplinary Approaches to Living Shorelines" to students, faculty, and invited guests at the University of Connecticut.  GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of any remaining allegations in paragraph 18 and therefore denies them.

19.     On or around June 24, 2015, Hagopian and Schwanof publicly displayed the Presentation, inclusive of the Slide and the Photograph, to an audience at the University of Connecticut ("UConn"). Upon information and belief, Hagopian and Schwanof distributed hardcopy and/or electronic copies of the Presentation (inclusive of the Slide and the Photograph), *at a minimum*, to the attendees at UConn. No later than September 24, 2015, the Photograph was uploaded to the website of UConn's Center for Land Use and Education Research, located specifically at the following URL ("CLEAR Presentation Webpage"):

5

http://clear.uconn.edu/climate/docs/living-shorelines/6-2015/Hagopian_Schwanof.pdf. A copy of a screenshot of the CLEAR Presentation Webpage containing unauthorized use of the Photograph is attached hereto as Exhibit E.

**ANSWER:** To the extent the allegations in paragraph 19 purport to describe or characterize the contents of a document, that document speaks for itself. GEI admits that on or around June 24, 2015, Varoujan Hagopian and Laura Schwanof made an academic presentation entitled, "Consulting Engineers and Scientists: Interdisciplinary Approaches to Living Shorelines" to students, faculty, and invited guests at the University of Connecticut. GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of any remaining allegations in paragraph 19 and therefore denies them.

20. Upon information and belief, the upload of the Presentation onto the CLEAR Presentation Webpage was done with authorization from Defendant or Defendant's agents.

**ANSWER:** GEI denies the allegations in paragraph 20.

21. The copies of the Photograph on the Slide and on the CLEAR Presentation Webpage did not contain Oppenheimer's copyright notice watermark on the face of the Photograph. Meanwhile, GEI's branding, including the literal element "GEI Consultants," was inserted on the Slide directly below the Photograph.

**ANSWER:** To the extent the allegations in paragraph 21 purport to describe or characterize the contents of documents, those documents speak for themselves. GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of any remaining allegations in paragraph 21 and therefore denies them.

22. Oppenheimer discovered Defendant's uses of the Photograph on June 13, 2018.

**ANSWER:** GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 and therefore denies them.

23. In November 2019, Oppenheimer, through his attorneys, had sent to Defendant a letter notifying Defendant of Oppenheimer's allegations (including the publication of the Photograph through the CLEAR Presentation Webpage) and demanding, *inter alia*, that Defendant cease and desist from distributing the Photograph.

**ANSWER:** GEI admits that Plaintiff sent a letter to GEI in November 2019, but denies any remaining allegations in paragraph 23.

24.     In January 2020, Defendant's in-house counsel acknowledged receipt of Oppenheimer's demand letter. Defendant did not, however, address the continued presence of the Photograph on the CLEAR Presentation Webpage. To-date, the Presentation (inclusive of the Slide and the slightly modified version of the Photograph) remain available through the CLEAR Presentation Webpage.

**ANSWER:** GEI admits that it acknowledged receipt of Plaintiff's letter. GEI lacks knowledge and information sufficient to form a belief as to the truth or falsity of any remaining allegations in paragraph 24 and therefore denies them, but states that GEI does not control the referenced webpage and that the webpage speaks for itself.

25.     Upon information and belief, Defendant has not made any meaningful attempts to have the Presentation removed from the CLEAR Presentation Webpage, while continuing to reap the benefits of exposure for GEI's brand and continuing to increase GEI's goodwill, including through the use of the Photograph within the Presentation.

**ANSWER:** GEI denies the allegations in paragraph 25.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement Under 17 U.S.C. § 501**

26.     Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–25 of this Complaint.

**ANSWER:** GEI incorporates its answers to paragraphs 1-25 as if fully restated herein.

27.     Plaintiff owns the exclusive rights to the copyrighted Photograph.

**ANSWER:** The allegations in paragraph 27 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 27.

28.     Upon information and belief, Defendant published, copied, and displayed the Photograph in the Presentation.

**ANSWER:** The allegations in paragraph 28 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 28.

29. Defendant's acts are and were performed without the permission, license, or consent of Plaintiff.

**ANSWER:** The allegations in paragraph 29 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 29.

30. Defendant acted with willful disregard of the laws protecting Plaintiff's copyright.

**ANSWER:** The allegations in paragraph 30 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 30.

31. Defendant infringed Plaintiff copyright in the Photograph in violation of 17 U.S.C. § 501.

**ANSWER:** The allegations in paragraph 31 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 31.

32. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable.

**ANSWER:** The allegations in paragraph 32 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 32.

33. Plaintiff is informed, believes, and thereon alleges that the Defendant has obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendant of all monies generated from the Photograph.

**ANSWER:** The allegations in paragraph 33 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 33.

34. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for willful infringement by Defendant of Plaintiff's rights in the Photograph in an amount of $150,000 under 17 U.S.C. § 504(c)(2). In the event that the trier of fact does not find that Defendant willfully infringed Plaintiff's copyright in the Photograph, Plaintiff is entitled to seek maximum statutory damages in an amount of $30,000 under 17 U.S.C. § 504(c)(1).

**ANSWER:** The allegations in paragraph 34 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 34.

35. Plaintiff is entitled to seek recovery of Plaintiff's attorneys' fees and costs of suit from the Defendant, pursuant to 17 U.S.C. § 505.

**ANSWER:** The allegations in paragraph 35 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 35.

## SECOND CLAIM FOR RELIEF
### Violations of the DMCA Under Sections 1202(a) and 1202(b) of the Copyright Act

36. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–35 of this Complaint.

**ANSWER:** GEI incorporates its answers to paragraphs 1-35 as if fully restated herein.

37. Upon information and belief, Defendant intentionally and willfully removed or altered the Plaintiff's CMI for the Photograph, without obtaining authorization from Plaintiff.

**ANSWER:** The allegations in paragraph 37 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 37.

38. The published version of the Photograph contained CMI within the digital file of the Photograph, including identifying metadata and, *inter alia*, the identification of the author as

"David Oppenheimer," as well as a plainly visible copyright notice stating "© 2013 David Oppenheimer" on the Photograph itself.

**ANSWER:** The allegations in paragraph 38 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 38. To the extent the allegations in paragraph 38 purport to describe or characterize the contents of a document, that document speaks for itself.

39. Upon information and belief, Defendant, or third parties at Defendant's direction and behest (discovery will reveal which), violated the DMCA by, at a minimum, removing Oppenheimer's facial CMI.

**ANSWER:** The allegations in paragraph 39 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 39.

40. While Oppenheimer's facial CMI was removed from the bottom portion of the Photograph within the Presentation, Defendant's logo, inclusive of the words "GEI Consultants," appeared on the Slide immediately below the Photograph, such that Defendant's logo served as false CMI for the Photograph.

**ANSWER:** The allegations in paragraph 40 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 40. To the extent the allegations in paragraph 40 purport to describe or characterize the contents of a document, that document speaks for itself. GEI lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in paragraph 40 and therefore denies them

41. Subsequently, the Photograph was distributed at UConn without Oppenheimer's CMI and juxtaposed with GEI's false CMI.

**ANSWER:** The allegations in paragraph 41 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in

paragraph 41. GEI lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in paragraph 41 and therefore denies them.

42. Such actions further demonstrate Defendant's willful infringement of the Photograph.

**ANSWER:** The allegations in paragraph 42 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 42.

43. The aforesaid actions, including without limitation the creation of each copy of the Slide, constitute violations of Sections 1202(a) and 1202(b) of the Copyright Act. More specifically, each copy of the Slide in the aggregate resulted in at least four separate violations of Section 1202 of the Copyright Act – a violation of 1202(b)(1) for knowing removal of Oppenheimer's CMI, a violation of 1202(a)(1) for knowing insertion of GEI's false CMI, a violation of 1202(b)(2) for distribution of the Photograph at UConn after knowing removal of Oppenheimer's CMI, and a violation of 1202(a)(2) for distribution at UConn of the Photograph with GEI's false CMI.

**ANSWER:** The allegations in paragraph 43 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 43.

44. Upon information and belief, Defendant knew or had reasonable grounds to know that by concealing the Plaintiff's CMI, that Defendant would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's Photograph.

**ANSWER:** The allegations in paragraph 44 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 44.

45. Upon information and belief, Defendant intentionally or knowingly concealed the Plaintiff's copyright management data as aforesaid, in order to conceal that Defendant's use of the Photograph was without the authorization of Plaintiff and in violation of law.

**ANSWER:** The allegations in paragraph 45 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 45.

46. As a result of Defendant's actions with regard to the Plaintiff's CMI, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

**ANSWER:** The allegations in paragraph 46 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 46.

47. As a result of Defendant's actions with regard to the Plaintiff's CMI, Plaintiff is entitled to damages in the form of actual or statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3) and 1203(c), costs pursuant to 17 U.S.C. § 1203(b)(4), reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. § 1203(b)(1), and the impounding, modification, or destruction of any items involved in the violation pursuant to 17 U.S.C. §§ 1203(b)(2) and 1203(b)(6).

**ANSWER:** The allegations in paragraph 47 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 47.

48. Plaintiff is entitled to a separate award of damages for each violation of 17 U.S.C.§ 1202.

**ANSWER:** The allegations in paragraph 48 constitute a legal conclusion to which no response is required. To the extent a response is required, GEI denies the allegations in paragraph 48.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims and his recovery of the damages requested are barred by any and all applicable statutes of limitations, including the three-year statute of limitations contained in the

Copyright Act, 17 U.S.C. § 107(b), for Plaintiff's failure to timely file suit after the allegedly infringing conduct occurred.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's requested relief is barred for his failure to mitigate his alleged damages.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred by the doctrine of laches. Plaintiff unreasonably delayed his filing of suit, which resulted in prejudice to GEI, in two respects. First, any allegedly infringing conduct by GEI occurred in 2015 at the latest. The expiration of the statute of limitations under the Copyright Act reasonably led GEI to conclude that no suit would or could be filed against it. Plaintiff notified GEI of his intention to file suit, at the earliest, in November 2019. Second, however, even after the November 2019 notification, Plaintiff dilatorily failed to file suit for nearly another two years. By Plaintiff's failure to timely file suit, GEI reasonably relied on Plaintiff's inaction and concluded that it would not and could not face suit and thus took no actions to request the educational institution remove the presentation, to GEI's detriment.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred by the doctrine of estoppel. Plaintiff was aware of the allegedly infringing conduct as early as, allegedly, June 2018, yet he acted (by declining to file suit) in a way that induced GEI to reasonably rely upon his inaction in that GEI concluded it would not face suit and thus took no actions to request the educational institution remove the presentation, to GEI's detriment.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's claims are barred by the doctrine of waiver. Plaintiff voluntarily and intentionally relinquished his right, known to him allegedly as early as June 2018, to file suit by electing not to file suit for nearly two years after indicating his intention to do so to GEI in November 2019.

## SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

GEI's use of the Photograph in an academic presentation on living shorelines presented at the University of Connecticut constitutes fair use under 17 U.S.C. § 107 to the extent such use was a non-commercial, educational, and scientific use to illustrate living shorelines that include salt marshes presented in an academic setting.

## SEVENTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

Plaintiff's claims are barred by the doctrine of copyright misuse to the extent Plaintiff has engaged in abusive or improper conduct in exploiting or enforcing his copyright.

## EIGHTH AFFIRMATIVE DEFENSE
### (Third-Party Responsible)

All claims against GEI are barred, in whole or in part, to the extent that the incident, injuries, and damages alleged in the Complaint were caused, in whole or in part, by acts or omissions by others for whose conduct GEI is not responsible.

## NINTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unavailable)

To the extent Plaintiff seeks statutory damages in an amount that grossly exceeds its actual damages and are thus punitive in nature, any such damages may not be recovered to the

extent such recovery violates the United States Constitution or any applicable statutory and common law.

## TENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

GEI expressly reserves the right to assert additional defenses, counterclaims, and third-party claims as is necessary or appropriate as discovery continues.

## **JURY TRIAL DEMAND**

GEI hereby demands a trial by jury on any and all issues so triable.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice and that this Court award Defendant its costs to defend this action and such other and further relief as this Court deems just and proper.

Dated: November 10, 2021

Respectfully submitted,

*/s/ Natalie M. Gabrenya*
Natalie M. Gabrenya
Thompson Hine LLP
20 N. Clark St., Suite 3200
Chicago, Illinois 60602
Tel: (312) 998-4263
Fax: (312) 998-4240
natalie.gabrenya@thompsonhine.com

Carrie Shufflebarger
*Admitted pro hac vice*
Thompson Hine LLP
312 Walnut Street, Suite 2000
Cincinnati, OH 45202
Carrie.Shufflebarger@ThompsonHine.com

*Counsel for Defendant GEI Consultants, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2021, a copy of the foregoing was filed electronically, and that notice of this filing will be sent to registered parties by operation of the Court's electronic filing system.

*/s/ Natalie M. Gabrenya*
Natalie M. Gabrenya